UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOREEN A. LYMAN,

       Plaintiff,

Case No. 1:16-cv-124

v.

HON. JANET T. NEFF

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant,
_____/

## OPINION

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of the Social Security Administration (Commissioner). Plaintiff seeks review of the Commissioner's decision denying her claim for disability insurance benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.

**STANDARD OF REVIEW**

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the

facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was fifty-seven years of age as of her alleged disability onset date. (PageID.77.) She obtained a high school education and previously worked as a secretary. (PageID.70–71, 163.) Plaintiff applied for benefits on October 14, 2013, alleging disability beginning September 3, 2013, due to spondylolisthesis, osteoarthritis, osteopenia, and chronic pain. (PageID.77, 144–145.) Plaintiff's application was denied on January 10, 2014, after which time Plaintiff requested a hearing before an ALJ. (PageID.89–93.) On February 4, 2015, Plaintiff

2

appeared with her counsel before ALJ James J. Kent for an administrative hearing with testimony being offered by Plaintiff and a vocational expert (VE). (PageID.51–75.) In a written decision dated March 16, 2015, the ALJ determined that Plaintiff was not disabled. (PageID.36–50.) On December 7, 2015, the Appeals Council declined to review the ALJ's decision, making the ALJ's decision the Commissioner's final decision in the matter. (PageID.27–32.) This action followed.

**ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. § 404.1520(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. § 404.1520(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. § 404.1545.

Plaintiff has the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing past relevant work through step four.

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. § 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. § 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. § 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. § 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. § 404.1520(f)).

3

*Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Kent determined that Plaintiff's claim failed at the fourth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged disability onset date. (PageID.41.) At step two, the ALJ determined Plaintiff had the severe impairments of degenerative disc disease and osteoarthritis. (PageID.41.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (PageID.42.) At the fourth step, the ALJ determined Plaintiff retained the RFC based on all the impairments:

> to perform sedentary work as defined in 20 CFR 404.1567(a) except she can lift up to 10 pounds occasionally and she can stand and walk for up to two hours and sit for up to six hours in an eight hour workday. She requires a sit stand option alternatively at will provided she is not off task more than 10% of the workday. She can only occasionally climb ladders, ropes, scaffolds, ramps and stairs. She is able to feel frequently bilaterally.

(PageID.43.) Continuing with the fourth step, the ALJ found that Plaintiff was capable of performing her past relevant work as a secretary. The ALJ determined that this work did not require the performance of work-related activities that were precluded by Plaintiff's RFC. (PageID.46.) Having made his determination at step four, the ALJ completed the analysis and entered a finding that Plaintiff had not been under a disability, as defined in the Social Security Act, from September 3, 2013, through March 16, 2015. (PageID.47.)

## DISCUSSION

**1.     The ALJ's Discussion of Plaintiff's Fibromyalgia.**

Plaintiff argues that the ALJ failed to comply with Social Security Ruling 12-2p by failing to evaluate her fibromyalgia and the extent to which such impairs her ability to function. Plaintiff argues that as a result, the ALJ's RFC assessment is not supported by substantial evidence. The Court agrees.

Social Security Ruling 12-2, Evaluation of Fibromyalgia, "provides guidance on how we develop evidence to establish that a person has a medically determinable impairment of fibromyalgia, and how we evaluate fibromylagia in disability claims and continuing disability reviews under titles II and XVI of the Social Security Act." SSR 12-2p, 2012 WL 3104869, at *1 (S.S.A. July 25, 2012). As is well recognized, the cause of fibromyalgia is "unknown," and "its symptoms are entirely subjective." *Fowler v. Colvin*, 2014 WL 4840582 at *4 (S.D. Ind., Sept. 29, 2014) (citation omitted). The use of the term "subjective" in this context "is not intended to be disparaging but only descriptive" and simply reflects that "[t]here are no laboratory tests for the presence or severity of fibromyalgia." *Id.* Accordingly, when assessing the residual functional capacity of a claimant suffering from fibromyalgia, the ALJ must do more than simply point to the results of objective testing. Social Security Ruling 12-2p, 2012 WL 3104869, at *6. The ruling, however, does not require a specific mode of analysis. *See Hull v. Comm'r of Soc. Sec.*, No. 12-14385, 2013 WL 6729955, at *9 (E.D. Mich. Dec. 19, 2013).

The record indicates that Plaintiff was diagnosed, and treated, for fibromyalgia. (PageID.443, 450.) Numerous other records document Plaintiff's reports of joint pain, an ailment commonly found in those diagnosed with fibromyalgia. Despite these records, the ALJ provided

5

no discussion regarding Plaintiff's fibromyalgia. "When the record presents evidence of fibromyalgia, the Sixth Circuit has not hesitated to remand or reverse administrative decisions that fail to consider, or apply incorrect standards to, the condition." *Partlow v. Comm'r of Soc. Sec.*, No. 2:11-CV-00066, 2012 WL 936341, at *8 (S.D. Ohio Mar. 20, 2012) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 244 (6th Cir. 2007)). The ALJ in this case utterly failed to discuss Plaintiff's fibromyalgia and furthermore diminished the impact of Plaintiff's fibromyalgia by asserting that the results of objective medical testing failed to confirm the existence or alleged severity of Plaintiff's complaints. (PageID.43-45.) This shortcoming was compounded by the ALJ's assessment of Plaintiff's activities. Plaintiff testified that her ability to consistently function for sustained periods of time was severely limited. The ALJ, however, found these complaints were not entirely credible on the ground that such was not supported by the results of objective medical testing. (PageID.45–46.) Accordingly this matter must be remanded for further evaluation of Plaintiff's fibromyalgia.

The Commissioner's argument in support of the ALJ's decision provides a compelling case why Plaintiff should ultimately not be found to be disabled. However, the record does contain evidence of treatment for fibromyalgia, contrary to the Commissioner's assertion. While it may be the case that this ultimately should not amount to a grant of benefits, the Commissioner's discussion should have been the type of analysis performed by the ALJ in the first place. *See Richardson v. Berryhill*, No. 1:16-CV-00116-HBB, 2017 WL 1227941, at *5 (W.D. Ky. Mar. 31, 2017) (Brennenstuhl, M.J.).

A claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days

6

a week, or an equivalent work schedule." SSR 96-8P, 1996 WL 374184, at *1 (S.S.A., July 2, 1996); *see also Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 116 (6th Cir. 2010). The ALJ's conclusion that Plaintiff can perform her past work as a secretary is not supported by substantial evidence. Because the vocational expert's testimony was premised upon a faulty RFC determination, the ALJ's reliance thereon does not constitute substantial evidence. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (while the ALJ may rely upon responses to hypothetical questions posed to a vocational expert, such questions must accurately portray the claimant's impairments).

### 2. Remand Is Appropriate.

Plaintiff asks for an award of benefits. (PageID.476.) While the Court finds that the ALJ's decision fails to comply with the relevant legal standards, Plaintiff can be awarded benefits only if "all essential factual issues have been resolved" and "the record adequately establishes [her] entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 644 (6th Cir. 2013). This latter requirement is satisfied "where the proof of disability is overwhelming or where proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d at 176; *see also Brooks*, 531 F. App'x at 644. Evaluation of Plaintiff's claim requires the resolution of certain factual disputes that this Court is neither competent nor authorized to undertake in the first instance. Moreover, there does not exist compelling evidence that Plaintiff is disabled. Accordingly, this matter must be remanded for further administrative action.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is not supported by substantial evidence. Accordingly, the Commissioner's decision is **VACATED** and the matter **REMANDED** for further factual findings including, but not necessarily limited to, further evaluation of Plaintiff's fibromyalgia, pursuant to sentence four of 42 U.S.C. § 405(g).

A separate Judgment shall issue.


Dated: May 23, 2017 /s/ Janet T. Neff
JANET T. NEFF
UNITED STATES DISTRICT JUDGE